Keith **BOHLANDER**, Appellant–Respondent,

v.

Brenda **BOHLANDER**, Appellee–Petitioner.

No. 48A04–0705–CV–291.

Court of Appeals of Indiana.

Oct. 22, 2007.

Irma Hampton (Nave) Stewart, Anderson, IN, Attorney for Appellant.

Ronald L. McNabney, Anderson, IN, Attorney for Appellee.

**OPINION**

BARNES, Judge.

**Case Summary**

Keith Bohlander appeals the trial court's order permitting his ex-wife, Brenda Bohlander, to claim a tax exemption for their daughter, J.B., for the 2006 tax year and

requiring him to a pay for a portion of J.B.'s driver's education classes and her church camp. We dismiss.

### Issue

Keith raises two issues. We address the dispositive issue, which we restate as whether Keith's notice of appeal was timely filed.

### Facts

Keith and Brenda's marriage was dissolved in 2004. Their two older children were emancipated, and Keith was ordered to pay child support for J.B. Keith was also permitted to claim a tax exemption for J.B.

After the dissolution, the parties filed several motions. At issue for purposes of this appeal are Brenda's request to claim a tax exemption for J.B. for 2006 and her request that Keith pay for a portion of J.B.'s driver's education classes and church camp. On September 22, 2006, the trial court held a hearing on these issues. On December 29, 2006, the trial court issued an order allowing Brenda to claim a tax exemption for J.B. for 2006 and requiring Keith to pay for a percentage of J.B.'s driver's education classes and church camp.

On January 12, 2007, Brenda filed a motion to correct error alleging that the trial court improperly determined the percentage of the driver's education classes and church camp Keith was required to pay. On January 16, 2007, the trial court granted Brenda's motion to correct error. On January 29, 2007, Keith filed a response to Brenda's motion to correct error. Keith then filed a motion for relief from judgment on February 28, 2007. On March 15, 2007, Keith filed his notice of appeal specifically challenging the December 29, 2006 order and the premature granting of the motion to correct error. It does not appear that the trial court has ruled on Keith's motion for relief from judgment.

### Analysis

Keith argues that the trial court improperly granted Brenda the tax exemption for 2006 and improperly ordered him to pay for a portion of J.B.'s driver's education classes and church camp. We cannot reach the merits of his claims, however, because his notice of appeal was not timely filed.

"A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of Final Judgment. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion...." Ind. Appellate Rule 9(A)(1). Indiana Appellate Rule 9 does not place any limitations on the issues that may be raised on appeal following a ruling on a motion to correct error or on the party who may file a notice of appeal following a ruling on a motion to correct error. Thus, Keith could have challenged the December 29, 2006 order by filing a notice of appeal within thirty days of the trial court's granting of Brenda's motion to correct error even though the basis for his appeal differs from the issue raised in Brenda's motion to correct error.

Said another way, by filing a motion to correct error, Brenda extended the time in which Keith could challenge the trial court's December 29, 2006 order. If Brenda had not filed her motion to correct error, Keith would have been required to file his notice of appeal within thirty days of the trial court's December 29, 2006 order. By filing her motion to correct error, the latest date from which Keith could have challenged the December 29, 2006 order was extended to thirty days after the trial court's January 16, 2007 granting of Brenda's motion to correct error. Nev-

ertheless, Keith did not file his notice of appeal until March 15, 2007, well after the February 15, 2007 deadline.

■ The fact that Brenda did not file an appellee's brief does not change our consideration of this issue. "[T]he lack of appellate jurisdiction can be raised at any time, and if the parties do not question subject matter jurisdiction, the appellate court may consider the issue sua sponte." *Georgos v. Jackson,* 790 N.E.2d 448, 451 (Ind.2003).

■ In Indiana, timeliness of filing a notice of appeal is of the utmost importance. This is especially true in time-sensitive cases involving child support and other child-related issues. "The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." *Trinity Baptist Church v. Howard,* 869 N.E.2d 1225, 1227 (Ind.Ct. App.2007), *trans. pending;* App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited . . . ."). Because Keith did not file a timely notice of appeal, he forfeited his right to appeal.

### Conclusion

Keith's notice of appeal of the trial court's December 29, 2006 order was not timely filed. We dismiss.

Dismissed.

KIRSCH, J., and ROBB, J., concur.