ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
James N. Clevenger
Wyland, Humphrey, Wagner,
  Gifford & Clevenger, LLP
Plymouth, Indiana



FILED
Apr 08 2009, 3:05 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 50S05-0805-CR-269

STATE OF INDIANA,                                    *Appellant (Plaintiff below),*

v.

ADAM L. MANUWAL,                                     *Appellee (Defendant below).*

Appeal from Marshall Superior Court, No. 50D02-0606-CM-831
The Honorable Dean A. Colvin, Judge

On Transfer from the Indiana Court Of Appeals, No. 50A05-0703-CR-182

**April 8, 2009**

**Dickson, Justice.**

Declining to apply statutes that prohibit operating a motor vehicle while intoxicated to a defendant driving a vehicle on his own private property, the trial court granted the defendant's motion to suppress evidence. We reverse and hold that Indiana Code §§ 9-30-5-1(b) and 9-30-5-2 apply when a motorist is driving on public or private property, including property owned by the motorist.

Charged with two class A misdemeanors, Operating a Vehicle While Intoxicated Endan-

gering a Person[1] and Operating a Vehicle with an Alcohol Concentration Equivalent of .15 or More,[2] the defendant sought and the trial court ordered suppression of all evidence on grounds that the defendant's operation of his all-terrain vehicle on his own private property "did not impact the public safety and should not be subject to charges for operating while intoxicated." Appellant's App'x at 21. Upon the granting of the defendant's motion to suppress, the State dismissed the charges and brought this appeal pursuant to statutory authority.[3] The State urges that the involved statutes are not restricted to public highways but apply as well to the operation of vehicles on private property. The Court of Appeals affirmed the trial court. State v. Manuwal, 876 N.E.2d 1142 (Ind. Ct. App. 2007). We granted transfer.

In June of 2006, the Indiana Department of Natural Resources received a report of an off-road vehicle crash resulting in bodily injury. The ensuing investigation revealed that the defendant had suffered fractures and head trauma in a crash while operating his all-terrain vehicle well away from the public roadway in a wooded area about three hundred yards from his cabin and on his own property. Although no one else was injured, a friend of the defendant was on the property at the time of the crash. Police officers suspected that the defendant had been consuming alcohol prior to the accident, and the defendant's blood was drawn at the hospital.

The State contends that the language of the criminal statutes at issue does not restrict their application exclusively to vehicles driven on public thoroughfares and that Indiana's strong interest in protecting its citizens extends equally to private property. The defendant responds by noting the statutes' use of "operator" and "vehicle," both of which are defined by reference to use upon a highway. He urges that Indiana case law has applied statutes prohibiting intoxicated driving to operating on private property only where it was probable that an intoxicated driver might come into contact with the public, and argues that this should not be extended to a motorist's use of a vehicle on the driver's own private property.

---

[1] Ind. Code § 9-30-5-2(b).

[2] Ind. Code § 9-30-5-1(b).

[3] Indiana Code § 35-38-4-2(5) provides that the State may appeal from "an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution."

The statutory language relevant to the two criminal offenses charged against the defendant is as follows:

> A person who operates a vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per:
>> (1) one hundred (100) milliliters of the person's blood; or
>> (2) two hundred ten (210) liters of the person's breath;
> commits a Class A misdemeanor.

Ind. Code § 9-30-5-1(b).

> (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.
> (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

*Id*. § 9-30-5-2.  Neither provision expressly limits its application to public highways nor designates application to private property in any way.

The defendant argues that the legislature intended these offenses not to apply to a person's operation of a motor vehicle on the person's own private property, and he urges consideration of the separate definitions for "vehicle" and "operator."  In the definitions section of the Motor Vehicle Code, "operator" of a motor vehicle means a person who drives or controls a motor vehicle "upon a highway."  *Id*. § 9-13-2-118(a)(1).  And "vehicle" means a device by which a person or property may be transported "upon a highway."  *Id*. § 9-13-2-196(a).  "Highway," in turn, is defined to refer to "every publicly maintained way when any part of the way is open to the use of the public for purposes of vehicular travel."  *Id*. § 9-13-2-73.  We note that neither of the statutory provisions under which the defendant was charged employs the words "operator" or "highway."

Our paramount concern in construing a statute is to give effect to the legislature's intent. Bartlett v. State, 711 N.E.2d 497, 501 (Ind. 1999).  As to the scope of application of Chapter 5, which governs offenses related to driving while intoxicated, we need not speculate about the intent of the legislature.  The General Assembly has been emphatic, explicit, and unequivocal:  "It is not a defense in an action under [Chapter 5] that the accused person was operating a vehicle in

a place other than on a highway." Ind. Code § 9-30-5-9.[4]

Thus, regardless of where the defendant's driving occurred, whether on public or private property, and even if on the defendant's own property, the State is authorized to charge him with intoxicated driving offenses pursuant to Indiana Code §§ 9-30-5-1 and 9-30-5-2.

Several decisions of the Court of Appeals have likewise applied statutes prohibiting operating a vehicle while intoxicated to driving on private property. *See, e.g.*, Chilcutt v. State, 544 N.E.2d 856, 859 (Ind. Ct. App. 1989) (applying statute to driving on private property in a rural area, emphasizing State's strong interest in protecting the health and safety of its citizens, and referring not only to third persons but also "the danger the defendant presented to himself"); Huey v. State, 503 N.E.2d 623, 626 (Ind. Ct. App. 1987) (affirming conviction of intoxicated driver of car stopped at a gas station, and holding statute applies to "drunk drivers on private property"); State v. Carter, 424 N.E.2d 158, 160 (Ind. Ct. App. 1981) (holding that statute prohibiting driving while intoxicated applied to defendant driving on a private parking lot).

The defendant's brief makes a passing assertion that extending "the OWI provisions to [the defendant's] own private property violates [his] constitutional rights." Appellee's Br. at 6. He does not support or develop this claim, however, and we thus decline to address it. *See* Overstreet v. State, 877 N.E.2d 144, 153 n.4 (Ind. 2007); Harrison v. State, 707 N.E.2d 767, 777 (Ind. 1999); Ind. Appellate Rule 46(A)(8)(a).

We reverse the trial court's order granting the defendant's motion to suppress.[5] This cause is remanded.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[4] This provision was first enacted in 1990. P.L. 84-1990, § 4, 1990 Ind. Acts 1706 (enacted as former section 9-11-2-9). An earlier statute had declared that the provisions relating to post-accident duties, reports, financial responsibility, and driving while intoxicated "shall apply upon highways and elsewhere throughout the state." Former Ind. Code § 9-4-1-22 (first enacted in 1939).

[5] The defendant further argues that his trial court challenge asserted the absence of probable cause to order a blood test of the defendant. We decline to address this issue because it was not the basis of the trial court's order granting the defendant's motion to suppress.