Robert **BERGSTROM**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 92A05–1003–IF–170.

Court of Appeals of Indiana.

Sept. 9, 2010.

Rehearing Denied Nov. 5, 2010.

Richard J. Thonert, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

The Whitley Superior Court found that Robert Bergstrom ("Bergstrom") committed a speeding infraction. On appeal from the denial of his motion to correct error, Bergstrom claims that the trial court erred in admitting certain evidence and that the evidence is insufficient to support the trial court's findings. Concluding that Bergstrom failed to timely file his notice of appeal within thirty days from the date his motion to correct error was deemed denied, we dismiss.

### Facts and Procedural History

On August 5, 2008, an Indiana State Police trooper issued a citation to Bergstrom for driving his semi-truck sixty-eight miles per hour in a zone where the posted speed limit was forty-five miles per hour. Bergstrom pleaded not guilty to the charge in the citation, and a bench trial was held on the matter on November 12, 2008. The trial court found that Bergstrom did indeed commit a speeding infraction and fined him $26 and imposed $114.50 in court costs.

On December 8, 2008, Bergstrom filed a document which the trial court construed as a motion to correct error. The trial court set a hearing on the matter to be held on December 17, 2008. Bergstrom eventually obtained counsel, and on June 7, 2009, after several continuances, the trial court ordered Bergstrom's counsel to file a "formal" motion to correct error within thirty days, which Bergstrom's counsel subsequently did. A hearing was held on this amended motion on November 5, 2009, at the conclusion of which the trial court took the matter under advisement. The trial court did not issue an order denying Bergstrom's motion to correct error until February 5, 2010, which was ninety-two days after the hearing on the motion to correct error.

### Discussion and Decision

Neither party raises the issue of the timeliness of this appeal. Nevertheless, the lack of appellate jurisdiction can be raised at any time, and even if the parties do not question subject matter jurisdiction, we may consider the issue sua sponte. *Bohlander v. Bohlander,* 875 N.E.2d 299, 301 (Ind.Ct.App.2007) (citing *Georgos v. Jackson,* 790 N.E.2d 448, 451 (Ind.2003)), *trans. denied; see also Jernigan v. State,* 894 N.E.2d 1044, 1046 (Ind. Ct.App.2008) (noting that subject matter jurisdiction cannot be waived, and courts at all levels are required to consider the issue sua sponte). Because the timely filing of a notice of appeal is a jurisdictional prerequisite and the failure to conform to

the applicable time limits results in forfeiture of an appeal, *see id.*, we address the timeliness of Bergstrom's appeal as a threshold issue.

The rule governing time limits for motions to correct error provides in relevant part:

> (A) **Time limitation for ruling on motion to correct error.** In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, *or fails to rule on a Motion to Correct Error within thirty (30) days after it was heard* or forty-five (45) days after it was filed, if no hearing is required, *the pending Motion to Correct Error shall be deemed denied.* Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Ind. Trial Rule 53.3(A) (emphasis added).

 Here, the trial court held a hearing on Bergstrom's motion to correct error on November 5, 2009, but did not rule on the motion until ninety-two days later. *See* Appellant's App. p. 6. By operation of Trial Rule 53.3(A), Bergstrom's motion was deemed denied thirty days after the November 5, 2009 hearing, i.e., December 7, 2009.[1] Bergstrom was required to file his notice of appeal within thirty days of the date his motion was deemed denied. *See* T.R. 53.3(A) ("Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed

denied."); Ind. Appellate Rule 9(A)(1) ("if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion, or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first."). Thus, Bergstrom had to file his notice of appeal by January 6, 2010, which is thirty days from the date his motion to correct error was deemed denied.[2]

Bergstrom did not file his notice of appeal until March 4, 2010, which, while within thirty days from the date the trial court issued an order denying Bergstrom's motion to correct error, was not within thirty days from the date his motion was deemed denied under Trial Rule 53.3(A). Bergstrom's notice of appeal was therefore untimely. "In Indiana, timeliness of filing a notice of appeal is of the utmost importance." *Bohlander*, 875 N.E.2d at 301. The timely filing of a notice of appeal is a jurisdictional prerequisite, and the failure to conform to the applicable time limits results in forfeiture of an appeal. *Id.* Because Bergstrom did not timely file his notice of appeal within thirty days of the date his motion to correct error was deemed denied, his appeal is now dismissed as untimely.

Dismissed.

BAKER, C.J., and NAJAM, J., concur.

---

1. Thirty days from November 5, 2009 was December 5, 2009, but because that date was a Saturday, the motion would have been deemed denied as of the following Monday, December 7, 2009. *See* Ind. Appellate Rule 25(B).

2. Trial Rule 53.3(D) permits the trial court before which a motion to correct error is pending to extend the time limit for ruling on the motion for thirty days by filing an entry notifying the parties of such extension. There is no indication that the trial court here filed such an entry extending the time limit by thirty days. Even if it had, this would have given the trial court only until January 6, 2010 to rule on the motion to correct error, but the court here did not rule on the motion until February 5, 2010.