# FOR PUBLICATION



**FILED**

Jan 03 2012, 8:55 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU**
Betteau Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN JACKSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  31A01-1109-PC-412 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger Davis, Judge
Cause Nos.  31D01-0510-FD-921 and 31D01-1012-PC-13

**January 3, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Steven Jackson appeals from the post-conviction court's order partially granting his petition for post-conviction relief but denying his request to accept an agreement in his post-conviction proceeding.

We affirm.

## ISSUE

Whether the post-conviction court was required to accept Jackson's proffered agreement in his post-conviction proceeding.

## FACTS[1]

In February 2007, Jackson pled guilty to operating while intoxicated ("OWI") as a class D felony and to his status as an habitual substance offender ("HSO") in Harrison County. Jackson had a Floyd County felony conviction for operating while intoxicated ("Floyd County OWI conviction") that served as the conviction that enhanced his OWI conviction to a D felony and as one of the predicate offenses for his HSO enhancement. The limited record before us does not reflect the exact sentence imposed by the trial court, but Jackson was apparently placed on probation for an unknown amount of time. At some point in 2010, the State filed a petition to revoke Jackson's probation based on his alleged commission of operating a vehicle as an habitual traffic violator.

---

[1] The factual background of this post-conviction case and underlying criminal case is extremely limited. The only facts regarding the underlying criminal conviction come from the post-conviction court's order, and the facts surrounding the post-conviction proceeding are derived mainly from the post-conviction court's order and secondarily from the chronological case summary. Although there were two hearings in this post-conviction proceeding, we do not have the transcripts from those hearings because Jackson determined that the post-conviction hearing transcripts were not necessary for this appeal "[i]n light of the trial court's written entry." (App. 62). Accordingly, we must refer to the post-conviction court's order to set forth the facts and procedural history for this appeal.

On December 27, 2010, Jackson, by counsel, filed a petition for post-conviction relief, seeking to vacate his guilty pleas to his OWI conviction and HSO enhancement. At some point prior to the filing of his post-conviction petition, Jackson had his Floyd County OWI conviction "modified" to a public intoxication conviction. (App. 56). In his post-conviction petition, Jackson argued that his Harrison County guilty plea was not knowingly or voluntary made because the prior conviction in Floyd County that was used to aggravate his OWI conviction and his HSO enhancement was unconstitutional and "not qualified to act as a legally adequate enhancing offense." (App. 5). Jackson's petition did not provide any detail regarding what had occurred to make his prior Floyd County conviction unconstitutional. Alternatively, he argued that there was an insufficient factual basis to support his guilty pleas to the OWI conviction and HSO enhancement and that his trial counsel was ineffective in Harrison County.

In January 2011, the State filed an answer to Jackson's post-conviction petition and requested that the post-conviction court deny Jackson's petition. The State also filed a motion for summary disposition. Subsequently, in May 2010, the State filed a motion to withdraw its motion for summary disposition and thereafter entered into an agreement with Jackson. During an August 2, 2011 post-conviction hearing,[2] Jackson and the State proposed and asked the post-conviction court to accept the following agreement, which the post-conviction court set forth in its order as follows:

> The State would agree to set aside the defendant's Class D Felony conviction and Habitual Substance Offender enhancement, and the

---

[2] This hearing was a joint post-conviction and probation revocation hearing. The court did not find that Jackson had violated his probation; therefore, that matter is not at issue in this appeal.

3

> defendant would plead guilty to Public Intoxication. There would be no further probation or fine, court costs and fees, and would be time served with respect to any sentence. In addition, the State would withdraw the Petition to Revoke in the criminal case.

(App. 55). At the hearing, Jackson asserted that the post-conviction court "ha[d] no discretion whatsoever to do anything other than accept the proposed agreement of the parties." (App. 55). The prosecutor, on the other hand, informed the post-conviction court that the State had made an agreement but "acknowledged that the [post-conviction] court did not have to accept something that was illegal or inappropriate." (App. 55).[3] During this hearing, Jackson did not present any evidence to support his post-conviction petition. Instead, he merely referenced his Floyd County case and conviction, and the post-conviction court took judicial notice of that case. The post-conviction court took the matter under advisement and requested the parties to submit case law on the matter.

On August 5, 2011, Jackson submitted a memorandum titled "Accused Tender of Authority Regarding Issue of Court's Refusal to Accept the Agreement of the Parties." (App. 22-23). The post-conviction court held another hearing on August 31, 2011. Following this hearing, the post-conviction court entered an order in which it denied Jackson's request to accept the proposed agreement in its entirety but partially granted the petition for post-conviction relief by setting aside his HSO enhancement and reducing his class D felony OWI conviction to a class A misdemeanor. The court's order provided in relevant part:

> 5. The Court takes judicial notice of the Floyd County case referred to herein and notes that [Jackson's] conviction for Operating While

---

[3] The prosecutor also stated that "'hopefully we wouldn't agree to something that's illegal . . .'" and that the prosecutor "'d[id]n't think the Court ha[d] to . . .'." (App. 55).

Intoxicated was modified to Public Intoxication by way of an agreement apparently pursuant to an agreement by the Prosecutor and the defendant in that case and was accepted by the Court. This Court takes judicial notice of that case.

* * * * *

7. Based upon the authority and the Court's own research, the trial court concludes that [Jackson] should prevail in his Petition for Post-Conviction Relief with respect to setting aside the enhancement for being a habitual substance offender and the enhancement of the OWI to a felony. The habitual substance offender [enhancement] was based in part, upon the Floyd County case where the operating while intoxicated conviction was set aside and reduced to a public intoxication on or about February 22, 2011. In addition the Operating While Intoxicated as a Class D felony in this Court was enhanced to a Class D Felony as a result of the same Floyd County case. That Floyd County conviction has been changed from Operating While Intoxicated to Public Intoxication. Because the language of the habitual felony offender statute relied upon by the Indiana Supreme Court in Coble v. State[,] 500 N[.]E[.]2d 1221, 1223 (Ind. 1986) is the same as the habitual controlled substance offender statutory language[,] this Court concludes the same logic and reasoning of the Indiana Supreme Court from Coble and Olinger v. State[,] 494 N[.]E[.]2d 310 (Ind. 1986) applies to the habitual substance offender law and requires the habitual substance offender determination to be set aside. Based upon State v. Messenger[,] 650 N[.]E[.]2d 702 (Ind. [Ct.] App. 1995)[,] this Court concludes the felony OWI enhancement charge in this case must be reduced to a misdemeanor OWI conviction in this case. That result is required based upon the authority of Messenger . . . This court concludes Messenger requires the OWI to be reduced to a misdemeanor because the Floyd County OWI was reduced to public intoxication.

8. The trial court finds that [Jackson] presented no evidence on August 2, 2011 or August 31, 2011 other than references to Floyd County cases which this Court takes judicial notice of. However, based upon the Court taking judicial notice of the Floyd County cases setting aside the underlying conviction, the Court now finds that the Petition for Post-Conviction Relief with respect to the OWI enhancement and habitual substance offender should be granted.

* * * * *

10. The Court finds that based upon Post-Conviction Rule No. 1, the remedy is not available based upon agreement of the parties. See Section 1, A. Further, the Court finds that agreement of the parties is not a basis to set aside a conviction in a criminal case under the rules of Post-Conviction Relief. The Court further finds that pursuant to Section 5, "The Petitioner

5

shall be heard", and "the Petitioner has the burden of establishing his grounds for relief". The trial court is not bound to accept an agreement of the parties that lacks any basis in fact or law. This Court does not believe it is bound to accept any agreement proposed by the parties without regard for the merits, fact or law.

11. This Court finds that [Jackson] in the Post-Conviction Relief case . . . was offered an opportunity to present evidence on the Post-Conviction Relief petition and declined to present anything other than what has been recited herein.

(App. 56-57). Jackson now appeals.[4]

DECISION

Jackson appeals from the post-conviction court's order, and our standard of review in post-conviction proceedings is well settled.

We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post–Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State,* 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (case citations omitted),

*trans. denied.*

---

[4] On September 7, 2011, Jackson filed both a notice of appeal and a notice of original action, in which he asserted that the post-conviction court had "refused to perform an action so clearly required by law" when it "refused to accept the agreement of the parties in this civil action." (App. 59). Jackson, however, later amended his notice of appeal, indicating that he was not pursuing an original action and was raising the issue of the post-conviction court's refusal to accept his agreement in this direct appeal.

Here, Jackson appeals only the post-conviction court's denial of his request to accept the proffered agreement entered between Jackson and the State.[5] Jackson argues that the post-conviction court had no discretion to deny his proffered agreement because "[i]n civil cases, trial courts have no discretion but to accept agreed judgments – exactly as they are presented." Jackson's Br. at 2. Jackson asserts that the post-conviction court could not consider the substance of the proposed agreement and that it was merely required to accept the proposed agreement in his post-conviction case without question. Jackson contends that because post-conviction proceedings are civil and because caselaw holds that a trial court "must approve an agreed judgment" in a civil case, then the post-conviction court had absolutely no discretion to do anything but to accept the agreement and set aside his OWI conviction and his HSO enhancement once he presented the post-conviction court with the agreement. Jackson's Br. at 3 (quoting *Mercantile Nat. Bank of Ind. v. Teamsters Union Local No. 142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996)). Thus, Jackson's sole contention is that the post-conviction court erred by denying his proffered agreement because a post-conviction proceeding is a civil proceeding.

We cannot agree with Jackson's contention that a post-conviction proceeding is the equivalent of a civil proceeding. A post-conviction proceeding is a collateral attack on the validity of a <u>criminal</u> conviction. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied*, *cert. denied*. While a post-conviction proceeding is "civil <u>in nature</u>[,]" *Shepherd*, 924 N.E.2d at 1280 (emphasis added), the case still stems from a

---

[5] Jackson does not appeal the merits of the post-conviction court's ruling setting aside his HSO enhancement or reducing his class D felony OWI conviction to a class A misdemeanor.

criminal conviction. The post-conviction proceeding merely provides an alternative means of challenging the criminal conviction while applying civil rules of procedure. *See* P-C R. 1(5) (explaining that a petitioner has a preponderance of evidence burden and that rules in civil proceedings such as pre-trial and discovery are applicable in a post-conviction proceeding).

Furthermore, our Indiana Supreme Court has held that a post-conviction court has the authority whether to accept an agreement entered between a petitioner and the State in a post-conviction proceeding. *See Johnston v. Dobeski*, 739 N.E.2d 121, 123 (Ind. 2000), *overruled on other grounds by State v. Hernandez*, 910 N.E.2d 213 (Ind. 2009). In *Johnston*, our supreme court discussed the authority of the parties to negotiate an agreement in a post-conviction case and the post-conviction court's authority to accept or reject such an agreement. *Id.*

In that case, the defendant, who was serving two life sentences for two murders he committed in 1964, filed a petition for post-conviction relief in 1985. *Id.* at 122. In 1989, the defendant and the prosecutor entered into an agreement wherein the defendant would dismiss his post-conviction petition with prejudice and the prosecutor would agree to a modification of defendant's sentence to an executed eighty-year sentence (i.e., forty years for each conviction). *Id.* The post-conviction court approved the agreement, and the defendant's sentence was modified per the agreement. *Id.* Eight years later, in 1997, the family of the murder victims sought to set aside the agreement between the defendant and the prosecutor on grounds that it did not comply with Indiana law concerning sentence modification. *Id.* The post-conviction court ultimately dismissed the family's

8

motion to set aside the agreement, finding that they lacked legal standing to challenge the defendant's agreement with the State. *Id.*

The family appealed and, on appeal, the State sided with the family and argued that the post-conviction court had no authority to accept an agreement for a sentence of less than a life sentence on either murder conviction. *Id.* This court affirmed the post-conviction court's dismissal of the family's motion to vacate the agreement but addressed the State's argument that the post-conviction court lacked authority to accept the sentence modification agreement. *See Johnston v. State*, 702 N.E.2d 1085, 1088 (Ind. Ct. App. 1998), *trans. granted by Johnston v. Dobeski*, 739 N.E.2d 121, 123 (Ind. 2000). This court held that the sentence contained in the agreement was illegal and that the post-conviction court had committed fundamental error by accepting and modifying the sentence per the agreement. *Id.* at 1090-91.

Our supreme court granted transfer and adopted our opinion regarding the family's lack of standing but reversed our holding regarding the legality of the sentence modification. *Johnston*, 739 N.E.2d at 123. Before analyzing the propriety of the sentence modification, our supreme court reviewed the existence of agreements in post-conviction proceedings:

> There are sound policy reasons that our system should permit prosecutors and petitioners for post-conviction relief to agree to resolve post-conviction relief claims, including facilitating resolution of meritorious, difficult-to-defend, and otherwise complex post-conviction issues; making efficient use of limited resources; and promoting judicial economy. To further these policies, we affirm the authority of prosecutors and petitioners for post-conviction relief to agree to resolve post-conviction relief claims on terms that include a sentence different than that imposed at trial; and <u>we affirm the authority of post-conviction courts to accept such agreements</u>.

*Johnston*, 739 N.E.2d at 123 (emphasis added). The supreme court explained that "because it [was] rare for there to be appeals from such agreements, our appellate courts have not addressed whether there are limitations on the[] terms" of such a post-conviction agreement. *Id.* Thereafter, the supreme court reviewed whether the sentence modification contained in the agreement was permitted under the law at the time the defendant was sentenced. Ultimately, the supreme court held that the agreement was valid, and it affirmed the post-conviction court's acceptance of that agreement. *Id.* at 126.

In summary, because a post-conviction proceeding is not the equivalent of a civil proceeding and because our supreme court has explained that a post-conviction court has authority in determining whether to accept agreements proffered in a post-conviction proceeding, we reject Jackson's assertion that the post-conviction court was required to accept his proffered agreement in this post-conviction proceeding. Accordingly, we affirm the post-conviction court's order.

Affirmed.

BAKER, J., and BAILEY, J., concur.