Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**STEVEN A. GUSTAFSON**
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jun 08 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

BLAKE CLUNIE,           )
                        )
    Appellant,          )
                        )
    vs.                 )    No. 31A01-1109-PC-458
                        )
STATE OF INDIANA,       )
                        )
    Appellee.           )

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause Nos. 31D01-0604-FD-314 and 31D01-1104-PC-6

June 8, 2012

MEMORANDUM DECISION – NOT FOR PUBLICATION

**MATHIAS, Judge**

In 2006, Blake Clunie ("Clunie") pleaded guilty to Class A misdemeanor operating while intoxicated and Class A misdemeanor resisting law enforcement. In April 2011, Clunie filed a petition for post-conviction relief, which was subsequently denied. Clunie then filed a motion to correct error. However, Clunie erroneously filed the motion under the original criminal cause number instead of the post-conviction cause number. At a hearing on the motion to correct error, Clunie asked the trial court to amend the cause number shown on the motion to correct error to reflect the cause number associated with the post-conviction proceedings rather than the original criminal case. The trial court declined Clunie's request and denied the motion to correct error. On appeal, Clunie argues that the trial court erred in concluding that he was not entitled to post-conviction relief. The State cross-appeals and argues that this appeal should be dismissed as untimely. We affirm.

**Facts and Procedural History**

On July 31, 2006, Clunie pleaded guilty under cause number 31D01-0604-FD-314 ("Criminal Cause #314") to Class A misdemeanor driving while intoxicated and Class A misdemeanor resisting law enforcement. The trial court imposed concurrent one-year sentences for each conviction and suspended the sentences to probation. Clunie did not file a direct appeal.

On April 4, 2011, Clunie filed a petition for post-conviction relief, which was filed under cause number 31D01-1104-PC-6 ("P-CR Cause #6"). In the petition, Clunie argued that because he was operating an all-terrain vehicle at the time of the offense in

2

Criminal Cause #314, his conviction should be amended from a Class A misdemeanor under Indiana Code section 9-30-5-2, which applies generally to vehicles, to a Class B misdemeanor under Indiana Code section 14-16-1-23, which applies specifically to off-road vehicles. The State initially contested Clunie's petition and filed a motion for summary disposition. However, at a hearing on June 9, 2011, the State withdrew its motion for summary disposition and indicated that it had no objection to Clunie's requested relief. After the hearing, Clunie filed a brief in support of his petition for post-conviction relief, and the State filed a reply indicating that it agreed that Clunie was entitled to his requested relief.

On June 28, 2011, the post-conviction court entered an order denying Clunie's petition for post-conviction relief. The order was accompanied by the following relevant findings and conclusions:

> The Court finds, based upon the Petitioner's testimony, that he was operating a four-wheeler (all-terrain vehicle) on a county road at the time of his arrest. The more specific statute the Petitioner claims should apply to this case is I.C. 14-16-1-23. This is the sole basis of the Petition for Post-Conviction Relief concerning the Operating While Intoxicated conviction.
>
> The scope of the application of I.C. 9-30-5-2 was addressed by the Indiana Supreme Court in State v. Manuwal, 904 N.E.2d, 657 (Ind. 2009). In that case the Indiana Supreme Court held that "Indiana Code §§ 9-30-5-1(b) and 9-30-5-2 apply when a motorist is driving on public or private property, including property owned by the motorist. Id. at [] 657[.] In Manuwal the defendant was operating his all-terrain vehicle on his own private property. The defendant was charged under I.C. 9-30-5-1 and 9-30-5-2. The Indiana Supreme Court found that "neither provision expressly limits its application to public highways nor designates application to private property in any way." Id. at [] 658. Although *Manuwal* dealt with the issue of the application of I.C. 9-30-5-2 to private property, the Indiana Supreme Court discussed the scope of its application.

In this case the issue is whether the Prosecutor was required to charge under Title 14 or had the discretion to charge under Title 9. The Indiana Supreme Court has considered this issue in other kinds of cases. In Skinner v. State, 732 N.E.2d 235 (Ind. [Ct.] App. 2000), the Court of Appeals considered a situation where more than one statute defined the actions of a defendant as a crime. The Court of Appeals noted that the State may prosecute under either statute as long as it does not discriminate against any class of defendants and stated that "whether to prosecute and what charge to file or bring are decisions that generally rest in the Prosecutor's discretion." Id. at [] 238. The Court of Appeals further stated that it has long been settled that it is the province of the Legislature to define criminal offenses and set penalties. The Court of Appeals also noted that the State is not required to prosecute under "the more specific of two statutes or under the statute carrying the lesser penalty." Id. at [] 238. In the Skinner case, the Indiana Supreme Court granted transfer and summarily affirmed the Court of Appeal's opinion and disapproved an opinion with a different result. The Indiana Supreme Court, in Skinner v. State, 736 N.E.2d 1222 (Ind. 2000), referred to the Court of Appeals holding that "when two criminal statutes overlap such that either may cover a given set of facts, the Prosecutor has the discretion to charge under either statute", and summarily affirmed the Court of [Appeals'] opinion to that effect. . . .

This Court finds that I.C. 9-30-5-2 does not limit its application to certain types of vehicles. I.C. 9-13-2-196 defines a "vehicle" for the purposes of I.C. 9-30-5 as a "device for transportation by land or air." Vehicle has different meanings for different statutes. This Court finds the definition for purposes of I.C. 9-30-5 is broad enough to include an A.T.V. or four-wheeler.

This Court finds it was within the prosecutor's discretion to charge the offense in this case under Title 9 instead of Title 14. See Skinner v. State.

Considering the broad scope of I.C. 9-30-5-2 and the Indiana Supreme Court's ruling in Skinner, this Court finds no ambiguity or reason to apply "the rule of lenity".

IT IS THEREFORE ORDERED that the Petition for Post-Conviction Relief be and the same is hereby denied.

Appellant's App. pp. 21-23.

On July 6, 2011, Clunie filed a motion to correct error. It is apparent from the substance of the motion that Clunie was attempting to challenge the trial court's order

4

denying his petition for post-conviction relief. However, the motion's caption included only the cause number associated with Criminal Cause #314. As a result, the motion to correct error was only filed under Criminal Cause #314 and not P-CR Cause #6.

A hearing was held on the motion to correct error on September 19, 2011. At the hearing, the court noted that the motion to correct error had been filed in the criminal case only, and Clunie's counsel asked the trial court to "modify the cause number" reflected on the motion, presumably to P-CR Cause #6. Tr. p. 32. The court declined to do so and, at the conclusion of the hearing, denied Clunie's motion. On September 23, 2011, Clunie filed a notice of appeal under both Criminal Cause #314 and P-CR Cause #6. This appeal ensued.

## I. Timeliness

We address the State's argument that Clunie's appeal is untimely as a threshold issue. Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." However, if any party files a timely motion to correct error, a notice of appeal must be filed within thirty days after the court's ruling on the motion, or thirty days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first. Ind. App. R. 9(A)(1). The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. Bergstrom v. State, 933 N.E.2d 555, 556-57 (Ind. Ct. App. 2010), trans. denied; App. R. 9(A)(5).

5

On appeal, Clunie concedes that if we conclude that his failure to include the correct cause number in the caption of his motion to correct error means that the motion did not extend his deadline for filing his notice of appeal in P-CR Cause #6, then this appeal is untimely. However, Clunie argues that his error should not lead to such a harsh result in light of the fact that the mistake did not mislead the court or the State. We agree.

It should first be noted that the motion to correct error was not the first filing to be marked with the incorrect cause number. Specifically, the caption on Clunie's petition for post-conviction relief lists the criminal cause number, and the post-conviction cause number is handwritten on the petition. Additionally, the caption of Clunie's brief in support of his petition for post-conviction relief includes only the criminal cause number; nevertheless, the brief was filed in the post-conviction cause.

Additionally, the post-conviction chronological case summary ("P-CR CCS") and the criminal chronological case summary ("Criminal CCS") each show the other as a "Related Case[]" and note that they are "(Consolidated)."[1] Appellant's App. p. 2, P-CR CCS p. 1. And in order to fully understand the history of the post-conviction proceeding, it is necessary to reference both the P-CR CCS and the Criminal CCS. The filing of an appearance, the petition for post-conviction relief, and a motion for a hearing are all shown on the P-CR CCS. An April 7, 2011 entry on the Criminal CCS shows that a "hearing on defendant's motion for PCR" was set for June 9, 2011. Appellant's App.

---

[1] Because Clunie has not included a complete copy of the P-CR CCS in his Appellant's Appendix, we reference the copy of the P-CR CCS attached to the Notice of Completion of Clerk's Record.

p. 5. The filing of the State's appearance, answer, and motion for summary disposition are all shown on the P-CR CCS, along with an April 12, 2011 entry indicating that the "[c]ourt will consider the State's Mot. for Summary Disposition at hrg. on 06-09-11[.]" P-CR CCS p. 2. The June 9, 2011 hearing on the petition for post-conviction relief is reflected only on the Criminal CCS, along with notations indicating that the State withdrew its motion for summary disposition and that the trial court set deadlines for the filing of post-hearing briefs. And despite having only the criminal cause number in its caption, Clunie's June 15, 2011 filing of his brief in support of his motion for post-conviction relief is reflected on the P-CR CCS. The June 28, 2011 order denying Clunie's petition for post-conviction relief is listed on the P-CR CCS.

Finally, although Clunie's July 6, 2011 motion to correct error only lists the criminal cause number in its caption, it is clear from the substance of the motion that Clunie sought to challenge the denial of post-conviction relief. Indeed, the trial court's order denying Clunie's motion to correct error indicates that Clunie was requesting the court "to correct errors in denying a petition for post conviction relief." Appellant's App. p. 26. We also find it noteworthy that the State raised no argument concerning whether the motion to correct error had been properly filed as part of the post-conviction proceedings, nor did it object to Clunie's request to modify the caption to reflect the cause number associated with P-CR Cause #6. In fact, the State indicated that it believed Clunie "timely file[d] his motion to correct errors." Tr. p. 28.

7

For all of these reasons, it is apparent that throughout these proceedings, regardless of which cause number was used, all parties and the court knew that they were proceeding on a petition for post-conviction relief. It therefore seems unfair for the court to insist on an accurate cause number at such a late stage in the proceedings, particularly in light of the fact that its ruling would result in the forfeiture of Clunie's right to appeal the denial of his petition for post-conviction relief. Given our strong preference for deciding cases on the merits where possible, and because it was clear to all that the motion to correct error was in reference to the order denying Clunie's petition for post-conviction relief, we hold that Clunie's time for filing his notice of appeal ran from the date his motion to correct error was denied. Accordingly, we conclude that this appeal is timely and proceed to address the case on the merits.[2]

### II. Petition for Post-Conviction Relief

In his petition for post-conviction relief, Clunie argued that he was entitled to be charged with and plead guilty to a Class B misdemeanor under Indiana Code section 14-16-1-23 rather than a Class A misdemeanor under Indiana Code section 9-30-5-2. Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal.

_____

[2] Although we address Clunie's claim on the merits, we note that because we ultimately affirm the trial court's decision, our decision has the same practical effect of a dismissal in that Clunie is still denied the relief sought in his petition for post-conviction relief.

Davidson v. State, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Henley v. State, 881 N.E.2d 639, 643 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. Id. at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. Graham v. State, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011), aff'd of reh'g, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous standard. Id. Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. Id.

On appeal, Clunie argues that he was entitled to have his Class A misdemeanor conviction under Indiana Code section 9-30-5-2 modified to a Class B misdemeanor conviction under Indiana Code section 14-16-1-23 because the latter statute applies specifically to off-road vehicles such as the all-terrain vehicle he was driving at the time

of his offense, whereas the former statute applies generally to "vehicle[s]." Clunie argues that legislative intent behind the statutes reflects the General Assembly's intent that one who operates an off-road vehicle while intoxicated should be punished less harshly and should not suffer the same collateral consequences as one who operates a car while intoxicated. We disagree. The General Assembly has broadly defined "vehicle" for the purposes of Indiana Code section 9-30-5-2 as "a device for transportation by land or air." Ind. Code § 9-13-2-196(f). This definition clearly encompasses the operation of all-terrain vehicles. See State v. Manuwal, 904 N.E.2d 657, 657 (Ind. 2009); State v. Laker, 939 N.E.2d 1111, 1114 (Ind. Ct. App. 2010), trans. denied. If the General Assembly wished to exclude all-terrain vehicles from the operation of Indiana Code section 9-30-5-2, it could easily have done so by using less expansive language.

Clunie also argues that even if his conduct falls within the ambit of Indiana Code section 9-30-5-2, under the rule of lenity, he was entitled to be charged with and plead guilty to the more specific, lesser offense under Indiana Code section 14-16-1-23. Again, Clunie's claim is unavailing. Our supreme court has held that "when two criminal statutes overlap such that either may cover a given set of facts, the prosecutor has the discretion to charge under either statute." Skinner v. State, 736 N.E.2d 1222, 1222 (Ind. 2000). Here, in the exercise of his or her discretion, the prosecutor chose to charge Clunie under Indiana Code section 9-30-5-2. His conviction under that statute was therefore not error.

Finally, Clunie argues that he was entitled to modification of his conviction because the Harrison County Prosecutor's Office filed a response to his petition for post-conviction relief indicating that the State agreed that Clunie's conviction under section 9-30-5-2 should be set aside and that judgment of conviction should be entered under section 14-16-1-23. According to Clunie, the prosecutor's agreement that Clunie's conviction should be modified constituted an exercise of his discretion under Skinner, and the trial court had no authority to reject the agreement. But Clunie has cited no authority supporting the proposition that a prosecutor's discretion to *charge* a defendant under one of two statutes gives the prosecutor the authority to unilaterally modify a *conviction* years after it is entered. Nor has Clunie directed our attention to any authority indicating that a trial court has the authority to modify a properly entered conviction years later. See State v. Brunner, 947 N.E.2d 411, 417 (Ind. 2011) ("Although it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction years later for good behavior, we recognize at this time the legislature has not given any such authority."). Moreover, this court recently held that a post-conviction court has the authority to either accept or reject a proffered agreement between the State and the defendant. See Jackson v. State, 958 N.E.2d 1161, 1165-66 (Ind. Ct. App. 2012), trans. pending. Although Jackson has yet to be certified, we agree with the reasoning set forth therein. For all of these reasons, we conclude that Clunie has not established that he is entitled to post-conviction relief.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.