**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**VASSIL M. MARINOV**
West Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VASSIL MARINOV, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1210-SC-897 |
| | ) | |
| BERGEN CAR COMPANY, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Wayne Szulkowski, Judge Pro Tempore
Cause No. 79D04-1203-SC-1283

**June 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Vassil Marinov appeals pro se the small claims court's judgment in favor of Bergen Car Company, Inc., ("Bergen") on his claim for damages. He raises several issues, but we find the following issue dispositive: whether Marinov's Notice of Appeal was filed in a timely fashion. Concluding his Notice of Appeal was untimely, we dismiss.

## Facts and Procedural History

Marinov bought a used van from Bergen in 2011. The van was covered by a three-month warranty provided by a third party. In 2012, Marinov filed a summons and notice of claim in small claims court against Bergen, alleging it improperly denied paying for repairs to the van which should have been covered by the warranty. A hearing was conducted on May 15, 2012. After taking the matter under advisement, the court entered judgment in favor of Bergen the next day. Marinov filed a motion to correct error on May 29, 2012. The trial court did not rule on this motion. Marinov filed another motion to correct error on October 1, 2012. The court denied this motion in an order dated October 2, 2012. Marinov filed his Notice of Appeal on October 31, 2012.

## Discussion and Decision

Marinov argues that the small claims court erred by denying his request for an interpreter and by entering judgment in favor of Bergen. We cannot reach the merits of his claims, however, because his Notice of Appeal was untimely.

The Indiana Rules of Appellate Procedure provide that a party initiates an appeal by filing a Notice of Appeal within thirty days after entry of a final judgment. Ind. Appellate

2

Rule 9(A)(1). This time period is extended, however, if a timely motion to correct error is filed; under those circumstances, a party must file a Notice of Appeal within thirty days after the court's ruling on the motion or within thirty days after the motion is deemed denied, whichever occurs first. Id. Under Trial Rule 53.3, a motion to correct error is deemed denied if the trial court does not rule on the motion within thirty days of a hearing on the motion or forty-five days after the motion was filed if no hearing was held. A trial court may extend this time limitation by making an entry in the record before the initial time period has expired. See id. The failure to act on a motion to correct error within the time limit set by Trial Rule 53.3 "extinguishes the court's authority to rule on the motion and any subsequent ruling is a nullity." Roscoe v. Roscoe, 673 N.E.2d 820, 821 (Ind. Ct. App. 1996).

Here, Marinov filed a timely motion to correct error on May 29, 2012.[1] Pursuant to Trial Rule 53.3, because the court did not rule on this motion, it was deemed denied after forty-five days of its filing—on July 13, 2012. Thus, under Indiana Appellate Rule 9, Marinov should have filed his Notice of Appeal within thirty days of that date—by August 13, 2012. He did not file his Notice of Appeal until October 31, 2012, and it was therefore not timely. The motion to correct error filed on October 1, 2012, and the court's subsequent order do not change this conclusion, because that motion was also untimely. See Ind. Trial Rule 59(C) ("The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment . . . .").

---

[1] In his brief, Marinov also claims to have filed a motion to correct error on June 2, 2012. However, the chronological case summary does not mention this motion. And, even if we were to assume that a motion was filed on this date—only four days after the filing of the first motion to correct error—this does not change our conclusion that Marinov's Notice of Appeal was untimely.

In Indiana, "[t]he timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." Bohlander v. Bohlander, 875 N.E.2d 299, 301 (Ind. Ct. App. 2007) (citation omitted), trans. denied; see also App. R. 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2."[2]). And even though Bergen did not file an appellee's brief nor did it question this court's jurisdiction, we "may consider the issue sua sponte." Bohlander, 875 N.E.2d at 301 (citation omitted). Thus, we conclude that because Marinov failed to file a timely Notice of Appeal, he has forfeited his right to appeal.

## Conclusion

Because Marinov's Notice of Appeal was untimely, he has forfeited his right to appeal. We therefore dismiss this appeal.

Dismissed.

FRIEDLANDER, J., and CRONE, J., concur.

---

[2] Post-Conviction Rule 2 pertains to the right of an "eligible defendant" to file a belated Notice of Appeal of a conviction or sentence after a trial or plea of guilty in a criminal case and is not applicable here. See Ind. Post-Conviction Rule 2(1).

4