**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 09 2014, 6:40 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROGER T. FOX**
Denver, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROGER T. FOX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  52A02-1307-IF-608 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MIAMI SUPERIOR COURT
The Honorable J. David Grund, Judge
Cause No. 52D01-1303-IF-796

**April 9, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Roger Fox asks this Court to determine that Indiana Code section 9-19-10-1 exempts vehicles registered as farm vehicles from citations under Indiana Code section 9-19-10-2, which requires that occupants of motor vehicles wear a properly-fastened seatbelt at all times that the vehicle is in forward motion. More particularly, Fox argues that, as he was engaged in agricultural pursuits, he should not have been cited for failure to wear his seatbelt. As Fox's interpretation of the statute contradicts the plain meaning of the text, we decline to read Indiana Code section 9-19-10-1 in such a way. Additionally, we do not find that Fox's rights were violated by Trooper Waldren's absence from Fox's bench trial. Therefore, the judgment of the trial court is affirmed.

### FACTS

On February 20, 2013, Troopers Charles Meyer and Waldren of the Indiana State Police were driving west on Business 31 in Miami County. The Troopers were driving behind Fox, who was driving a black Dodge truck with farm plates. From their vantage point, the Troopers could see that Fox was not wearing his seatbelt. Fox attempted to put his seatbelt on quickly, but did not, and continued driving. Trooper Waldren, who was driving the police vehicle, initiated a traffic stop. Fox denied that he had tried to put his seatbelt on and told the police that he was exempt from wearing a seatbelt because his truck had registered farm plates. He also stated that he was leaving the Circus City Grill, where he had stopped to eat lunch. Trooper Waldren issued Fox a citation for failing to wear a seatbelt under Indiana Code section 9-19-10-2, which is a civil infraction.

2

Fox then became upset that he was issued a citation, grabbed the citation out of Trooper Waldren's hand, and drove away without wearing a seatbelt. Troopers Waldron and Meyer caught up to Fox and initiated a second traffic stop; the Troopers issued Fox a second citation for failing to wear a seatbelt. Fox then fastened his seatbelt and told the Troopers that he would see them in court.

On March 26, 2013, the trial court held an initial hearing, at which Fox denied the citation. Consequently, the trial court held a bench trial on May 7, 2013. At the trial, Officer Meyer testified to events of February 20, 2013, as noted above. Fox testified that although he had been pulling out of a rest stop when the Troopers issued his citations, he was on his way to purchase hay and was therefore engaged in agricultural pursuits. Fox argued that, because his vehicle was registered as a farm vehicle and he was driving in connection with agricultural pursuits, he was exempt from the seatbelt requirement. Indiana Code section 9-19-10-1(7) states that the seatbelt requirement does not apply to an individual who is "an occupant of a farm truck being used on a farm in connection with agricultural pursuits that are usual and normal to the farming operation . . . ."

At the bench trial, Fox objected to Trooper Waldren's absence. Fox asked that the matter be dismissed because Trooper Waldren "isn't here for me to confront him that issued me the ticket." Tr. p. 10.

The trial court determined that Fox was not exempt from citation, explaining that "for that exemption to apply the farm truck has to be being used on a farm in connection with those pursuits," and that "[t]he evidence presented was that you were at a restaurant

3

somewhere on or near US 31 and turned onto US 31 which is not a farm." Id. at 16. The trial court held that, because Fox was not operating the vehicle on a farm, Fox was not exempt from the citation and ordered Fox to pay $25 in court costs.

Fox now appeals.

DISCUSSION AND DECISION

I. Seatbelt Exemption

Fox asks us to interpret Indiana Code section 9-19-10-1(7) to provide an exemption for farming trucks when they are performing farming pursuits, whether or not those pursuits are being performed on a farm. Here, Fox raises questions concerning the interpretation and applicability of Indiana Code section 9-19-10-1(7). The interpretation of a statute is a question of law reserved for the courts. Tooley v. State, 911 N.E.2d 721, 724 (Ind. Ct. App. 2009). When reviewing questions of law, our standard of review is de novo. Kornelik v. Mittal Steel USA Inc., 952 N.E. 2d 320, 324 (Ind. Ct. App. 2011).

Indiana Code section 9-19-10-1(7) exempts from the seatbelt requirement of Indiana Code section 9-19-10-2 an individual who is an "occupant of a farm truck being used on a farm in connection with agricultural pursuits that are usual and normal to the farming operation, as set forth in IC 9-29-5-13(b)(2)." The trial court interpreted the statute at the bench trial and determined that "for that exemption to apply that farm truck has to be being used on a farm." Tr. p. 16.

Fox argues that this interpretation is incorrect. He avers that Indiana's traffic laws were written to apply to public roadways and that "there is no need for an exemption 'on

4

a farm' where traffic laws are not enforceable." Appellant's Br. p. 3. In other words, Fox maintains that the statute cannot simply refer to vehicles being used on a farm because, as he contends that traffic laws are unenforceable on farms, that interpretation would render the statute meaningless. However, we reject such an interpretation.

Fox's argument for interpretation fails because it contradicts the plain language of the statute and it rests on an incorrect assumption of the law. Traffic laws are not unenforceable on farms or other private property. See State v. Manuwal, 904 N.E.2d 657, 659 (Ind. 2009) (determining that "regardless of where the defendant's driving occurred, whether on public or private property, and even if on the defendant's own property, the State is authorized to charge him with intoxicated driving offenses . . ."). Therefore, we agree with the trial court's interpretation of the statute that the seatbelt exemption for farm trucks under Indiana Code section 9-19-10-1(7) applies only on a farm, and Fox's argument fails.

## II. Witness Confrontation

Fox also argues that the matter should be dismissed due to the State's failure to procure Trooper Waldren's presence at the bench hearing on May 7, 2013, maintaining that he had the right to confront the officer in court. However, Fox is mistaken. The Sixth Amendment right to confrontation is available only in criminal cases. Additionally, Fox could have subpoenaed Trooper Waldren to testify, but did not. Consequently, this argument also fails.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.