

**FILED**
May 09 2014, 6:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**TODD A. WOODMANSEE**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**W. RUSSELL SIPES**
The Sipes Law Firm
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAN WEAVER,                                    )
                                               )
    Appellant - Defendant,              )
                                               )
        vs.                      )    No. 49A05-1309-CT-448
                                               )
GEORGE NIEDERKORN,                             )
                                               )
    Appellee - Plaintiff.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49D05-1210-CT-41167

**May 9, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dan Weaver appeals from the trial court's denial of his motion to set aside a default judgment entered against him in favor of George Niederkorn. Weaver raises one issue, which we restate as whether the trial court abused its discretion in denying his motion.

We affirm.

On October 23, 2012, Niederkorn filed a complaint against Weaver in Marion Superior Court seeking damages for defamation, invasion of privacy, and intentional infliction of emotional distress. On the same date, Niederkorn's attorney served written discovery and notice of a deposition on Weaver by first class mail. The trial court clerk attempted to serve a summons on Weaver by certified mail, but the summons was returned unclaimed. On October 27, 2012, Niederkorn personally served a copy of the complaint and summons on Weaver at his residence, which is across the hall from Niederkorn's residence in a condominium complex.

Weaver failed to file a timely responsive pleading, and Niederkorn filed a motion for the entry of default judgment on December 4, 2012. On the same date, Niederkorn's attorney served a copy of the motion on Weaver by first class mail. On December 11, 2012, the trial court entered an order granting Niederkorn's motion for the entry of default judgment. On the same date, the trial court set an evidentiary hearing for February 19, 2012 to determine costs and damages.

Approximately one week later, the trial court received a letter from Weaver dated December 10, 2012 (one day before the entry of default judgment). In the letter, Weaver claimed he had received a letter and a copy of the motion for default judgment on December

2

6, 2012, but that he had not received any paperwork regarding the lawsuit prior to that date and had no idea what the lawsuit was about. Weaver requested that the trial court take no action on the motion for default judgment until February 13, 2013 in order to allow Weaver to obtain counsel.

On the date of the February 19, 2013 evidentiary hearing, the trial court received another letter from Weaver. In the letter, which was dated February 11, 2013, Weaver requested a continuance of the hearing due to a work conflict and his inability to find an attorney. When Niederkorn and his attorney appeared for the scheduled hearing, the trial court advised them of Weaver's letter. Although Weaver failed to appear, the trial court nevertheless granted his request for a continuance and reset the hearing for March 19, 2013.

Niederkorn and his attorney appeared for the March 19, 2013 hearing. Weaver again failed to appear. The trial court noted that it had heard nothing from Weaver since the letter received on February 19, and that it had specified in its previous order that no further continuances would be granted. The court proceeded with the hearing. At the conclusion of the evidence, the trial court stated that it would enter judgment in Niederkorn's favor in the amount of $40,336.18.

After the evidentiary hearing, the trial court received a letter from Weaver dated March 13, 2013, in which he asked for a continuance of the evidentiary hearing because he was on call for jury duty in Marion County on the date of the hearing. After confirming that Weaver had not been required to report for jury duty on the date of the evidentiary hearing,

3

and upon hearing nothing further from Weaver, the trial court entered judgment against him in the amount of $40,336.18 on April 1, 2013.

An attorney entered an appearance on Weaver's behalf on April 3, 2013. A month later, Weaver filed a motion to set aside the default judgment. At a hearing on the motion, the trial court noted on the record that it had verified that Weaver had not been called for jury duty on the date of the evidentiary hearing. The court further noted that it believed that Weaver "knew what was going on" and that he had not made a showing of excusable neglect or alleged a meritorious defense. *Transcript* at 37. Accordingly, the trial court denied the motion. Weaver then filed a motion to correct error, which was denied on August 14, 2013. Weaver now appeals.

On appeal, Weaver argues that the trial court abused its discretion in denying his T.R. 60(B) motion for relief from judgment. A motion for relief from judgment under T.R. 60(B) is entrusted to the sound discretion of the trial court; accordingly, we may neither reweigh the evidence nor substitute our judgment for that of the trial court. *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935 (Ind. Ct. App. 2002), *trans. denied*. "When considering a Trial Rule 60(B) motion, a trial court must weigh the alleged inequity that would result by allowing a judgment to stand against the interests of the prevailing party in its judgment, as well as those of society at large in the finality of litigation in general." *Id*. at 942. We will reverse the trial court's ruling on a T.R. 60(B) motion only if its decision is squarely opposed to the logic and effect of the facts and circumstances. *Id.*

T.R. 60(B) provides, in relevant part, as follows:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect; . . .

(6) the judgment is void; . . .

. . . A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

The grounds upon which Weaver sought relief from the default judgment are unclear. On appeal, he does not make explicit reference to any specific subsection of T.R. 60(B), but claims that "there is clearly evidence of excusable neglect." *Appellant's Brief* at 3. Weaver also seems to assert that he was not adequately served—a claim more properly brought under T.R. 60(B)(6). *See Yoder v. Colonial Nat. Mortg.*, 920 N.E.2d 798, 801 (Ind. Ct. App. 2010) (explaining that "[i]f service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void" (quoting *Swiggett Lumber Constr. Co. v. Quandt*, 806 N.E.2d 334, 336 (Ind. Ct. App. 2004)). Weaver makes no argument, however, that the default judgment was void or that the trial court lacked personal jurisdiction. Weaver's T.R. 60(B) motion and motion to correct error are similarly vague. Nevertheless, whether we consider Weaver's motion under T.R. 60(B)(1) or (6), we conclude that he has not established reversible error.

To the extent Weaver argues that he was entitled to relief from the default judgment pursuant to T.R. 60(B)(6) due to lack of adequate service, we note that Weaver has cited no authority for the proposition that Niederkorn's personal service upon him at his residence was insufficient to confer personal jurisdiction. Indeed, Weaver does not discuss the concept

5

of personal jurisdiction at all, nor does he cite the provisions of the Indiana Trial Rules relating to service of process. As this court has explained, "[w]e will not become an advocate for a party, and we will not address arguments that are either inappropriate, too poorly developed, or improperly expressed to be understood." *Lasater v. Lasater*, 809 N.E.2d 380, 389 (Ind. Ct. App. 2004). Accordingly, any argument that the default judgment was void for lack of personal jurisdiction due to inadequate service of process is waived for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to relevant authority); *Price v. Review Bd. of Ind. Dept. of Workforce Dev.*, 2 N.E.3d 13 (Ind. Ct. App. 2013) (noting that failure to present cogent argument or citation to authority constitutes waiver of an issue).

Turning our attention to whether the default judgment should have been set aside pursuant to T.R. 60(B)(1) based on excusable neglect, we note that there are no fixed rules for determining what constitutes excusable neglect. *Coslett v. Weddle Bros. Constr. Co.*, 798 N.E.2d 859 (Ind. 2003). "Though the trial court should do what is 'just' in light of the facts of individual cases, that discretion should be exercised in light of the disfavor in which default judgments are held." *Id.* at 861.

Weaver's argument concerning excusable neglect is based on his assertion that he was unaware of the lawsuit until after the entry of default judgment.[1] Specifically, Weaver states

---

[1] By his own admission, Weaver became aware of the proceedings shortly *before* the entry of default judgment. In a letter sent to the trial court, Weaver acknowledged receiving Niederkorn's motion for the entry of default judgment on December 6, 2012, five days before the trial court entered default judgment.

6

that Niederkorn's sworn statement, set forth in an affidavit attached to his motion for default judgment, that he personally served Weaver at his residence with a copy of the summons and complaint was not credible.[2]  Weaver asserts that the trial court should have instead believed his testimony that he was unaware of the lawsuit until he received a copy of the motion for default judgment.  This is nothing more than a request to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal.  *See Washington v. Allison*, 593 N.E.2d 1273 (Ind. Ct. App. 1992) (noting that as the exclusive judge of the weight of the evidence and credibility of witnesses, the trial court was not bound to credit the defaulted party's self-serving testimony denying notice of the lawsuit).  The trial court stated on the record that it believed Weaver "knew what was going on." *Transcript* at 37.  We will not second-guess the trial court's factual determinations on appeal.  Because we conclude that the trial court's finding that Weaver failed to establish excusable neglect was not an abuse of discretion, we need not consider whether Weaver alleged a meritorious defense.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.

---

[2] We note that the trial court took judicial notice of its file, which included Niederkorn's affidavit, at the hearing on the motion to set aside the default judgment.