**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 26 2014, 7:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BART M. BETTEAU**
New Albany, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL ANTIPIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 31A05-1311-PC-536 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HARRISON SUPERIOR COURT
The Honorable Roger D. Davis, Judge
Cause No. 31D01-1304-PC-1

**September 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

<u>STATEMENT OF THE CASE</u>

Appellant/Petitioner, Michael Antipin ("Antipin"), appeals the trial court's denial of his "Petition for Post-Conviction Relief and/or Relief from Judgment"[1] ("Petition"). After Antipin filed his Petition, he entered into an agreement with the State to amend his adjudication for driving with a suspended driver's license ("driving while suspended"),[2] an infraction, to driving without a valid license,[3] also an infraction. At the hearing on his Petition, he argued that the trial court should accept this agreement and alternatively that the statute for driving while suspended did not apply to him. The trial court did not accept Antipin's agreement with the State or his argument regarding the driving while suspended statute and denied his Petition based on the Indiana Rules of Procedure for Post-Conviction Remedies ("post-conviction rules").

On appeal, Antipin claims that the trial court abused its discretion in denying his Petition because the trial court should have addressed his claims under Indiana Trial Rule 60(B) instead of the post-conviction rules. He also argues that the trial court was required to accept his agreement with the State and that the driving while suspended statute did not apply to him. We find that Antipin did not properly raise his claims under Trial Rule 60(B), that the trial court had the discretion to reject his agreement with the State, and that we need not address his argument that the driving while suspended statute did not apply to him.

---

[1] Because we find this title misleading in that it implies that Antipin was filing a petition for post-conviction relief when he was not, we will instead refer to it as the "Petition."

[2] IND. CODE § 9-24-19-1.

[3] I.C. § 9-24-1-8(a).

2

We affirm.

## ISSUE

Whether the trial court abused its discretion when it denied Antipin's Petition.

## FACTS

On June 21, 2006, Antipin was stopped while operating a vehicle in Harrison County, Indiana. At the time, he was licensed to drive in New Jersey, but his New Jersey driver's license was suspended, and he did not have a valid Indiana driver's license. He did not consider himself a resident of Indiana, although he did have a valid Indiana identification card. As a result of the stop and Antipin's suspended out-of-state driver's license, the State charged Antipin with an infraction for driving while suspended. The trial court subsequently entered judgment against Antipin for the infraction and found him liable for costs on July 31, 2006.[4]

Almost seven years later, on April 25, 2013, Antipin filed his Petition. In it, he argued that his adjudication for driving while suspended was "unconstitutionally obtained" and void or voidable under the United States and Indiana Constitutions on due process grounds.[5] He also argued that he should receive relief from his adjudication under Indiana Trial Rule 60(B) because the driving while suspended statute did not apply to him because he did not have an Indiana driver's license. In response, the State argued that Antipin did not timely file his Petition under Trial Rule 60(B).

_____

[4] The State implies that Antipin pled guilty to the infraction, but if so, his guilty plea is not a part of the record.

[5] Antipin did not provide legal support for these Constitutional arguments in his Petition and has not raised them on appeal.

3

On September 3, 2013, the trial court held a hearing on Antipin's Petition. At the hearing, the State informed the trial court that it had agreed to amend Antipin's adjudication of driving while suspended to driving without a valid license, also an infraction. However, later in the hearing, the State testified that its agreement had been based on a misunderstanding of the facts because it had not known that Antipin's New Jersey license had been suspended at the time of the offense. Nevertheless, in spite of its misunderstanding, the State was willing to abide by the terms of its agreement with Antipin.

Also at the hearing, the trial court discussed Antipin's criminal history. In addition to the infraction at issue in the instant case, Antipin had received two convictions for driving under the influence in New Jersey; one conviction for operating while intoxicated in Indiana; and a felony conviction of possession of cocaine in New Jersey. He also had pending charges for operating while intoxicated and leaving the scene of an accident, both in Indiana.

At the conclusion of the hearing, the trial court allowed Antipin and the State one month to submit memoranda of law concerning the issue of whether a person with an out-of-state suspended driver's license could properly be convicted of driving while suspended in Indiana. Thereafter, on October 4, 2013, the trial court entered an order denying Antipin's Petition. The trial court's denial was based on its findings that it was not required to accept the State's agreement with Antipin and that a non-resident operating a vehicle in Indiana with a suspended out-of-state license could be convicted of driving while suspended in Indiana. The trial court addressed Antipin's claims under the

4

post-conviction rules but did not address his arguments under Trial Rule 60(B). Antipin now appeals. We will provide additional facts as necessary.

DECISION

On appeal, Antipin argues that the trial court abused its discretion when it denied his Petition because: (1) it analyzed his claim under the post-conviction rules and did not address his argument that he should receive relief from judgment under Indiana Trial Rule 60(B); (2) it should have accepted his agreement with the State because infractions are civil in nature, and a trial court does not have the discretion to reject a civil agreement; (3) it should have accepted his agreement with the State because its rejection of the agreement was equivalent to raising a defense or objection on the State's behalf sua sponte; and (4) the driving while suspended statute did not apply to him. With regard to this last argument, Antipin specifically contends that the proper charge for a driver with a suspended out-of-state license is driving without a valid license. In response to all of Antipin's arguments, the State argues that his Petition was untimely under Trial Rule 60(B), and, thus, the trial court did not abuse its discretion in denying it. We will address each of these contentions in turn.

1. Legal Standard

As a preliminary matter, we must address Antipin's argument that the trial court's decision was based on an incorrect legal standard. He contends that the trial court erred in its choice of law because it addressed his arguments under the post-conviction rules rather than Trial Rule 60(B). We agree with Antipin that the post-conviction rules do not apply here. Post-Conviction Rule 1 specifies that only a person who has been convicted

5

of, or sentenced for, "a crime" may initiate a post-conviction proceeding. P-C.R. 1(1). We have previously held that infractions are only "quasi-criminal" in nature, and proceedings concerning infractions should be conducted in accordance with the Indiana Rules of Trial Procedure. *Cunningham v. State*, 835 N.E.2d 1075, 1077 (Ind. Ct. App. 2005), *trans. denied.* Accordingly, we conclude that the trial court erred by addressing Antipin's claims under the post-conviction rules.

However, in spite of this conclusion, we also determine that the trial court's error was harmless because Antipin did not fulfill the requirements for filing a Trial Rule 60(B) claim. Under Trial Rule 61, an error is harmless if it does not affect the substantial rights of the parties. T.R. 61. No defect in any ruling or order is grounds for relief if the defect is harmless, unless "refusal to take such action appears to the court inconsistent with substantial justice." T.R. 61. The trial court's error here did not affect Antipin's substantial rights because he did not properly raise his claims under Trial Rule 60(B) and therefore would not have been successful if the trial court had evaluated his claims under Trial Rule 60(B) instead of the post-conviction rules.

Specifically, Antipin did not file his motion in a timely manner or allege exceptional circumstances justifying relief. Pursuant to Trial Rule 60(B), a trial court may "upon such terms as are just" relieve a party from a judgment. Trial Rule 60(B) delineates several grounds upon which a trial court may grant relief. Antipin did not specifically allege one of those delineated grounds. In such circumstances, we will treat a request for relief as raised under Trial Rule 60(B)(8), which provides that a trial court may grant relief from a judgment "for any reason justifying relief from the operation of

6

the judgment, other than those reasons set forth in [Indiana Trial Rule (60)(B)(1), (2), (3), and (4)]."[6] *Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), *trans. denied.*

There are certain requirements for a Trial Rule 60(B)(8) motion. A motion under Trial Rule 60(B)(8) must be filed "within a reasonable time" and must affirmatively demonstrate "exceptional circumstances justifying extraordinary relief." T.R. 60(B); *Wagler v. West Boggs Sewer Dist., Inc.,* 980 N.E.2d 363, 372 (Ind. Ct. App. 2012), *trans. denied*, *cert. denied*. Determining whether a length of time is reasonable depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay. *Parham*, 855 N.E.2d at 728. Exceptional circumstances do not include mistake, surprise, or excusable neglect. *Wagler*, 980 N.E.2d at 372. The movant has the burden of demonstrating that relief is justified in accordance with these requirements. *Id.*

Here, Antipin did not provide any explanation or justification for the fact that it took him almost seven years to file a Trial Rule 60(B) motion; nor do we see any exceptional circumstances justifying this extreme delay in the record. Antipin's counsel admitted at the hearing that Antipin's reason for requesting relief from his judgment was to avoid an adjudication as an habitual traffic violator, but that reason certainly does not justify sitting on his rights for almost seven years. We have previously held that where a movant fails to even suggest a justification for a significant delay, a motion under Trial Rule 60(B) is "wholly inadequate to justify relief regardless of the alleged errors [] asserted." *Freshwater v. State*, 834 N.E.2d 1133, 1137 (Ind. Ct. App. 2005) (finding a

---

[6] Trial Rule 60(B)(1), (2), (3), and (4) do not apply here.

7

failure to provide any reason justifying a twelve year delay "wholly inadequate"), *trans. denied.* Accordingly, we conclude that Antipin's arguments were inadequate under Trial Rule 60(B), and the trial court did not err by failing to address them.

2. Agreement

Likewise, we do not find Antipin's argument persuasive that the trial court abused its discretion by failing to accept his agreement with the State. He argues that an infraction is civil in nature, and "[i]n civil cases, trial courts have no discretion but to accept agreed judgments—exactly as they are presented." (Antipin's Br. 3). In support of this argument, he cites to *Mercantile National Bank of Ind. v. Teamsters Union Local #142 Pension Fund*, 668 N.E.2d 1269, 1271 (Ind. Ct. App. 1996), in which this Court noted that "Indiana courts have consistently held that absent a claim of fraud or lack of consent, a trial court must approve an agreed judgment." However, *Mercantile* is inapplicable here because Antipin's agreement with the State is not an agreed judgment. Judgment was already entered in 2006. Instead, Antipin is requesting to modify the judgment that has already been entered, and his agreement with the State concerns his requested modification.

In this case, it is undisputed that the judgment entered against Antipin for driving while suspended was a "final judgment." "[A] final judgment is one that disposes of all claims as to all parties, ending the case and leaving nothing for future determination." *Waldrip v. Waldrip*, 976 N.E.2d 102, 109 (Ind. Ct. App. 2012); Ind. Appellate Rule 2(H). Even where infractions are concerned, civil actions are governed by the Indiana Rules of Trial Procedure. T.R. 1. As a result, final judgments are not subject to change whenever

the parties come to an agreement. Whenever, the parties seek to alter a final judgment the Indiana Trial Rules of Procedure and Rules of Appellate Procedure provide the appropriate avenues. *See* T.R. 52(B) (outlining procedure for amending a court's findings and judgment); T.R. 55(C) and (60) (outlining procedure for obtaining relief from judgment); T.R. 59 (outlining procedure for correcting an error in a judgment); App. R. 9 (outlining procedure for initiating an appeal). Further, we have previously noted that "[t]he action of a trial court in granting or refusing an application to open, modify, or vacate a judgment is, generally speaking, within the judicial discretion of the court, and this is true whether the court is proceeding under the common law or under statutory provisions." *Dearing v. Speedway Realty Co*, 40 N.E.2d 414, 417 (Ind. Ct. App. 1942); *see also Jackson v. State*, 958 N.E.2d 1161 (Ind. Ct. App. 2012) (holding that a post-conviction court had discretion to reject a petitioner's agreement with the State to set aside his conviction), *reh'g denied*, *trans. denied.* Thus, a trial court has discretion concerning whether or not to modify a prior judgment. Accordingly, we conclude that the trial court was not required to accept Antipin's agreement with the State.[7]

3. Statutory Applicability

---

[7] Further, we also note that Antipin attempted to raise his claim under Trial Rule 60(B). It is well-established that a trial court's decision to grant or deny a Trial Rule 60(B) motion lies within its "equitable discretion." *Wagler*, 980 N.E.2d at 371. A trial court must "weigh the alleged inequity that would result by allowing the judgment to stand against the interests of the prevailing party in its judgment, as well as those of society at large in the finality of litigation in general." *Weaver v. Niederkorn*, 9 N.E.3d 220, 222 (Ind. Ct. App. 2014) (quoting *Centex Home Equity Corp. v. Robinson*, 776 N.E.2d 935 (Ind. Ct. App. 2002), *trans. denied*). In light of the trial court's responsibility, not only to the parties, but also to weigh the interests to society at large in the finality of litigation in general, we conclude that a trial court is not bound solely by an agreement between the parties in evaluating whether to grant a request for relief from judgment under Trial Rule 60(B). Likewise, we conclude that the trial court was not raising defenses "sua sponte" by issuing a decision contrary to the parties. The trial court was fulfilling its responsibility to weigh the inequalities of allowing the judgment to stand versus granting Antipin relief, as the standard for Trial Rule 60(B) motions requires. *See Weaver*, 9 N.E.3d at 222.

Finally, because we have concluded that Antipin did not properly raise grounds for relief under Trial Rule 60(B), we need not address his claim that the driving while suspended statute did not apply to him.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.