# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 15 2017, 8:12 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

**ATTORNEYS FOR APPELLANTS**

Julie A. Camden
Scott C. Quick
Camden & Meridew, P.C.
Fishers, Indiana

**ATTORNEYS FOR APPELLEE**

Thomas B. Trent
Reanna L. Carver
Rothberg Logan & Warsco LLP
Fort Wayne, Indiana

## I N   T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deidre L. Thompson, J. Larry Thompson, and Thompson Quality Foods, Inc., <br><br> *Appellants-Defendants,* <br><br> v. <br><br> Wells Fargo Bank, National Association, <br><br> *Appellee-Plaintiff*. | November 15, 2017 <br><br> Court of Appeals Case No. 41A04-1704-CC-884 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Marla K. Clark, Judge <br><br> Trial Court Cause No. 41D04-1610-CC-968 |

**Mathias, Judge.**

[1] Deidre L. Thompson, J. Larry Thompson, and Thompson Quality Foods, Inc. ("Quality Foods") (collectively "Appellants"), appeal the trial court's grant of

summary judgment in favor of creditor/mortgagee Wells Fargo Bank, N.A. ("Wells Fargo"), in its collection action following Appellants' default.[1] Appellants assert that a genuine issue of material fact exists regarding whether Wells Fargo failed to act reasonably to mitigate damages. Finding that summary judgment was appropriate as a matter of law, we affirm.

## Facts and Procedural History

[2] On October 14, 2008, Quality Foods executed a promissory note in favor of Wells Fargo in the amount of $341,300, plus interest. In conjunction with the promissory note, the Thompsons signed a guaranty agreement (collectively "the Note"), personally guaranteeing repayment of the Note and offering as collateral a first-position lien on real estate owned by Quality Foods and located in Trafalgar, Indiana (the "Property"). Quality Foods failed to make payments on the Note, and Wells Fargo brought an action against Appellants on the Note under cause number 41D01-1205-MF-357 ("Cause 357"). In July 2013, the court in Cause 357 found Appellants in default and awarded Wells Fargo a $366,921.26 judgment.

---

[1] Appellants also challenge the trial court's denial of their motion to reconsider. However, Appellants have failed to support this argument with citation to authority or recitation of the proper standard of review. As such, they have waived this issue for consideration on appeal. *See Weaver v. Niederkorn*, 9 N.E.3d 220, 223 (Ind. Ct. App. 2014) (failure to present cogent argument with citation to authority results in waiver); *see also* Ind. Appellate Rule 46(A)(8) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to relevant authority). In any event, because we affirm the trial court's grant of summary judgment in favor of Wells Fargo, and Appellants' motion to reconsider was based solely on the grant of summary judgment, we conclude that their argument does not merit separate consideration on appeal.

[3] Quality Foods failed to pay real estate taxes on the Property. Therefore, a tax sale was held in September 2014, and the Property was sold to Peter D. Cleveland ("Cleveland").

[4] During the redemption period, on January 9, 2015, Appellants entered into a purchase agreement ("Purchase Agreement") with Cleveland to purchase the Property for $175,000. The Thompsons submitted the Purchase Agreement to Wells Fargo for approval. Wells Fargo requested financial statements from the Thompsons so that it could evaluate its position on the Purchase Agreement.[2] The Thompsons did not submit financial statements, and Wells Fargo rejected the Purchase Agreement.

[5] Due to the tax sale of the property, on January 29, 2016, the court in Cause 357 vacated its judgment without prejudice. Approximately nine months later, in October 2016, Wells Fargo filed the present cause against Appellants for collection of $341,300, plus interest due under the Note. Appellants filed a general denial, and Wells Fargo filed a motion for summary judgment, with designated materials. Appellants filed a motion in opposition to summary judgment, which was followed by Wells Fargo's reply. Following a hearing, the trial court issued an order granting summary judgment in favor of Wells Fargo

---

[2] Appellants cite as an issue of material fact whether Wells Fargo ever requested any financial information from the Thompsons. However, designated emails from Appellants' counsel and Cleveland to Wells Fargo's counsel indicate that Cleveland and the Thompsons were aware of the request. *See* Appellants' App. Vol. 2 at 42–47.

for $364,819.41. Appellants filed a motion to reconsider, which the trial court denied.

[6] Appellants now appeal. Additional facts will be provided as necessary.

## Discussion and Decision

[7] Appellants contend that the trial court erred in granting Wells Fargo's motion for summary judgment. We review a summary judgment de novo, applying the same standard as the trial court and drawing all reasonable inferences in favor of the nonmoving party. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). In conducting our review, we consider only those matters that were designated at the summary judgment stage. *Haegert v. McMullan*, 953 N.E.2d 1223, 1229 (Ind. Ct. App. 2011). Summary judgment is appropriate if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Hughley*, 15 N.E.3d at 1003; Ind. Trial Rule 56(C).

[8] The moving party bears the initial burden of demonstrating the "absence of any genuine issue of fact as to a determinative issue." *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009). Then the burden shifts to the nonmoving party to "come forward with contrary evidence" showing a genuine issue for the trier of fact. *Id*. at 762. The nonmoving party cannot rest upon the allegations or denials in the pleadings. *Syfu v. Quinn*, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005). In *Hughley*, our supreme court emphasized that the moving party bears an onerous burden of affirmatively negating the opponent's claim. 15 N.E.3d at 1003. This

approach is based on the policy of preserving a party's day in court, thus erring on the side of allowing marginal cases to proceed to trial on the merits rather than risking the short-circuiting of meritorious claims. *Id.* at 1003–04.

[9] In determining whether issues of material fact exist, we neither reweigh evidence nor judge witness credibility. *Peterson v. Ponda*, 893 N.E.2d 1100, 1104 (Ind. Ct. App. 2008), *trans. denied*. Rather, we must accept as true those facts established by the designated evidence favoring the nonmoving party. *Brill v. Regent Commc'ns, Inc.*, 12 N.E.3d 299, 309–10 (Ind. Ct. App. 2014), *trans. denied*. A trial court's grant of summary judgment arrives on appeal clothed with a presumption of validity. *Williams*, 914 N.E.2d at 762. We may affirm a grant of summary judgment on any legal basis supported by the designated evidence. *Harness v. Schmitt*, 924 N.E.2d 162, 165 (Ind. Ct. App. 2010).

[10] This case involves interpretation of provisions in the Note and Purchase Agreement. "Summary judgment is especially appropriate in the context of contract interpretation because the construction of a written contract is a question of law." *Vincennes Univ. ex rel. Bd. of Tr. of Vincennes v. Sparks*, 988 N.E.2d 1160, 1165 (Ind. Ct. App. 2013) (citation omitted), *trans. denied*. When interpreting an unambiguous contract, we give effect to the intentions of the parties as expressed within the four corners of the instrument. *Id.* "A contract is not ambiguous merely because the parties disagree as to its proper construction; rather, a contract will be found to be ambiguous only if reasonable persons would differ as to the meaning of its terms." *Id.*

Appellants maintain that Wells Fargo's refusal to ratify the Purchase Agreement between Appellants and tax-sale purchaser Cleveland amounts to an unreasonable failure to mitigate its damages. The duty to mitigate damages is a common-law duty requiring the nonbreaching party to make a reasonable effort to decrease the damages caused by the breach. *Fischer v. Heymann*, 12 N.E.3d 867, 871 (Ind. 2014). The reasonableness of the nonbreaching party's efforts toward mitigation is a question of fact. *Id*. at 870.

Before we can fully evaluate the issue of mitigation, we must consider relevant contractual terms to determine the rights and duties of the parties. The Note, drafted by Wells Fargo and signed by Appellants (with Quality Foods as borrower and the Thompsons as guarantors), included the following waiver provision:

> 3.5 Guarantor Waivers
>
> Except as prohibited by applicable law, Guarantor waives any right to require Bank to … (b) proceed against any Collateral or any person, including Borrower, before proceeding against Guarantor ….
> Guarantor also waives any and all rights or defenses arising by reason of … (d) any act of omission or commission by Bank which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any Collateral by operation of law or otherwise.
> …. *Guarantor waives all rights and protections of any kind which Guarantor may have for any reason which would affect or limit the amount of any recovery by Bank from Guarantor following a nonjudicial sale or judicial foreclosure of any real or personal property security for the Indebtedness*[.]

Appellants' App. Vol. 2 p. 23 (emphasis added).

[13] The Purchase Agreement between Appellants and Cleveland (with Wells Fargo as a nonparty whose approval was required) included the following provision:

> 4.1 "Short Sale" of Real Estate. Seller's obligations shall be contingent upon execution of the Short Sale Agreement by Seller *and Wells Fargo Bank* containing terms and conditions satisfactory to Seller *including but not limited to an agreement by Wells Fargo Bank to waive any claim for enforcement and collection* of the Judgment (or *any deficiency* after application of the net proceeds of Closing against the Judgment) against personal guarantors of the loan that is the subject of the Judgment.

Appellee's App. Vol. 2 p. 27 (emphases added).

[14] The Guarantor Waivers provision in the Note unambiguously states that the Thompsons waive all rights and protections that would affect or limit the amount of recovery by Wells Fargo following a sale of the Property. The Short Sale provision in the Purchase Agreement unambiguously states that the short sale is contingent upon execution of the agreement by the Thompsons and Wells Fargo and includes Wells Fargo's agreement to *waive* any claim for enforcement and collection of the judgment *or deficiency* against the Thompsons.

[15] In support of their arguments, both parties rely on *Fischer*, a case involving the seller's mitigation of damages where the buyers breached a contract to purchase real property. 12 N.E.3d at 867. The contract in *Fischer* authorized the buyers to terminate their agreement to purchase the seller's condo if the seller refused to fix any "major defect" discovered during inspection but did not allow them to

terminate if the seller refused to perform "routine maintenance" or make "minor repairs." *Id*. at 869. After the inspection, the buyers sent a demand to the seller to fix an electrical problem or void the contract. *Id*. The seller did not act immediately but, ten days later, paid an electrician $117 to fix the problem by pushing the reset buttons on three outlets and changing a light bulb. *Id*. at 872. The buyers presented the seller with a tender of release. The seller refused to sign the release and, two days before the original closing date, sued the buyers for specific performance or damages. *Id*. at 869.

[16] After examining the buyers' release demand and the seller's duty to mitigate damages, our supreme court addressed the buyers' argument that the seller's duty to mitigate damages required that she surrender to their demand to fix the problem or release them from the contract. *Id*. at 871–73. The *Fischer* court disagreed, emphasizing that the seller's duty to mitigate did not require her to surrender to the very demand that generated the buyers' breach. *Id*. at 872. The court explained:

> Just as breaching parties may not take advantage of their breach to relieve them of their contractual duties, neither may they take advantage of their breach to require non-breaching parties to perform beyond their contractual duties. And just as non-breaching parties may not place themselves in a better position because of the breach, neither may breaching parties.

> Holding otherwise would require sellers like Fischer to choose between surrendering to the terms of a breach or forfeiting damages whenever a buyer breaches an agreement by

conditioning purchase on strict compliance with an unreasonable demand.

*Id.* at 872–73 (citations omitted).[3]

Here, Appellants assert that Wells Fargo's duty to mitigate required it to approve the Purchase Agreement between themselves and Cleveland. We disagree. Wells Fargo was not a party to the Purchase Agreement. Notwithstanding the fact that the duty to mitigate damages is an independent common-law duty, the Appellants' assertion is similar to the buyers' assertion in *Fischer*, where the breaching parties, under the banner of mitigation, demanded release from the contract. Per the guarantor provision in the Note, the Thompsons waived any rights/protections they might otherwise have to limit Wells Fargo's recovery for any deficiency following a sale of the property. Conversely, the short sale provision in the Purchase Agreement between Appellants and Cleveland would essentially operate as a waiver/release provision preventing Wells Fargo from collecting any deficiency.

In other words, reviewing the two provisions side-by-side, we conclude that the Appellants improperly tried to gain an advantage from their own breach by equating Wells Fargo's rejection of their Purchase Agreement with a third-party buyer to the failure of the Wells Fargo, the nonbreaching party, to mitigate

---

[3] Appellants correctly observe that the *Fischer* court affirmed the trial court's conclusion that the seller should have mitigated her damages by accepting a lower offer received from a subsequent buyer one year after the initial breach. 12 N.E.3d at 874.

damages. Wells Fargo was not obligated to ratify the Purchase Agreement (and thereby forfeit its right to a significant deficiency) as a means of mitigating its damages. Appellants defaulted on their obligations to Wells Fargo, and Wells Fargo is entitled to judgment as a matter of law.[4] Based on the foregoing, we conclude that the trial court did not err in granting Wells Fargo's motion for summary judgment. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[4] To the extent that Appellants attempt to create issues of material fact, i.e., whether Wells Fargo really needed the financial information it requested from the Thompsons, or whether it was commercially reasonable for Wells Fargo to "stonewall or otherwise scuttle the proposed Purchase Agreement over the issue of the deficiency balance," Appellants' Br. at 13, we note that these assertions amount to speculation and conjecture and that Appellants failed to designate affidavits or other evidence to support these claims. *See Brill*, 12 N.E.3d at 309 ("Mere speculation cannot create questions of fact, meaning that 'guesses, supposition and conjecture are not sufficient to create a genuine issue of material fact to defeat summary judgment.'") (quoting *Beatty v. LaFountaine*, 896 N.E.2d 16, 20 (Ind. Ct. App. 2008)), *trans. denied.*